### MARKOWITZ v. MILLER.

(Supreme Court, Appellate Term. January 8, 1909.)

BROKERS (§ 88*)—COMPENSATION—ACTIONS—QUESTION FOR JURY.

In an action for commissions for procuring a contract for the purchase of defendant's property, where plaintiff claimed that defendant again promised to pay the commissions after the contract was procured, though it was unenforceable until approved by the court, which defendant denied, a jury question was raised, so that it was error to direct a verdict for defendant.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 128; Dec. Dig. § 88.*]

Appeal from City Court of New York, Trial Term.

Action by Semul Markowitz against Adolph S. Miller. From a judgment for defendant upon a directed verdict, plaintiff appealed. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Max D. Steuer, for appellant.
Morris Cukor, for respondent.

PER CURIAM. The plaintiff sued to recover commissions alleged to have been earned in procuring a contract with one Lacs for an exchange of defendant's property. The court directed a verdict in favor of defendant on the ground that the contract with Lacs, so procured by plaintiff, was not an enforceable one under the laws of this state. Plaintiff appeals.

The contract with Lacs contained the following provision:

"The foregoing contract is entered into upon the distinct understanding and agreement that the said party of the second part (Lacs) enters into this contract subject to its approval by the Supreme Court of the state of New York, or of a justice thereof, the property above described to be conveyed by the party of the second part being owned by Samuel Lacs as guardian of Jacob M. Lacs, an infant."

Plaintiff swears that upon the signing of this contract defendant again promised to pay plaintiff's commission for procuring the said contract. Plaintiff's testimony indicates that, as between himself and defendant, there was an understanding that, upon defendant's acceptance of this conditional contract with Lacs, plaintiff's labors were concluded, and his commission earned. The fact that the contract of exchange with Lacs could not be carried into effect does not appear,

according to plaintiff's evidence, to affect the latter's claim, since the defendant accepted the contract with the risk attaching thereto, as shown by the provision therein above quoted. There is a conflict of proof as to the facts, and a question raised for the jury. It was, therefore, error to direct a verdict.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.